DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, John Frazier, appeals his sentence of consecutive prison terms from the Lucas County Court of Common Pleas. Because the trial court made all requisite statutory findings and unambiguously stated its reasons on the record, we affirm.
{¶ 2} On April 23, 2004, appellant was indicted by the Lucas County Grand Jury on six felony charges. Appellant was indicted on five felony counts of rape and one felony count of gross sexual imposition. All indictments involved sexual activity with minor males. Appellant is related to the victims.
{¶ 3} On July 1, 2004, appellant entered Alford pleas to two counts of rape and one count of gross sexual imposition. In exchange, the remaining rape charges were dismissed. Appellant was previously classified as a "sexual predator" in 1996 following another conviction. Appellant stipulated that the prior "sexual predator" classification was applicable to this case.
{¶ 4} On August 5, 2004, appellant was sentenced. The trial court first imposed concurrent sentences of 10 years on the rape charges consistent with the plea agreement. The prosecutor and defense counsel further agreed the sentence for gross sexual imposition would be left to the discretion of the trial court. The trial court imposed a five yearconsecutive sentence on the count of gross sexual imposition. On September 3, 2004, appellant filed timely a notice of appeal of this sentence.
{¶ 5} On appeal, appellant sets forth the following sole assignment of error:
{¶ 6} "I. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO CONSECUTIVE TERMS."
{¶ 7} The following undisputed facts are relevant to the sole assignment of error raised on appeal. Appellant, a 65 year old male, is biologically related to the three minor male victims in this case. From approximately, June 1, 2003, to September 1, 2003, the three boys were in the care of appellant on multiple occasions. During these visits, appellant engaged in various sexual acts with the boys. Appellant required the boys to perform various sexual acts upon him. Ultimately, the unlawful activity was reported, and appellant was indicted.
{¶ 8} Appellant has a lengthy criminal history involving minors. Criminal charges against him date back to 1964. In 1967, appellant was charged with sodomy. In 1972, appellant was charged with assaulting a minor. In 1996, appellant was convicted of three felony counts of corruption of a minor. In the course of his 1996 felony convictions, appellant was assessed and classified as a "sexual predator".
{¶ 9} In this case, appellant admitted to engaging in sexual conduct with a 12 year old male relative in excess of 40 times. Appellant disclosed that he had sex with the 12 year old boy at appellant's home, at a camp ground, and while visiting Maumee Bay State Park.
{¶ 10} The 1996 report classifying appellant as a "sexual predator," also concluded that appellant is a "predatory pedophile." The report determined that appellant was unable to be treated, did not appropriately accept responsibility, re-offended after release from prior incarcerations, and could not be rehabilitated.
{¶ 11} On appeal, appellant claims the trial court erred in imposing consecutive sentences. In support, appellant argues that the trial court failed to adequately state reasons in support of the consecutive sentence. Appellant concedes that the state of Ohio did comply with the required statutory findings, as set forth in R.C. 2929.14(E). This appeal is limited to consideration of whether the trial court complied with the R.C. 2929.19(B) (2) (c) requirement that it "give its reasons" for the sentence.
{¶ 12} An appellate court does not disturb a sentence absent a finding by clear and convincing evidence that the sentence is either unsupported by the record or is contrary to law. R.C. 2953.08(G) (2).
{¶ 13} As this court has consistently held, a trial court must find the presence of three statutorily proscribed factors in order to impose consecutive sentences for multiple offenses. The trial court must expressly determine that consecutive sentences are necessary to protect the public or punish the offender and that consecutive sentences are not disproportionate to the offense. The trial court must further find that one of following applies; the offenses were committed while appellant was awaiting trial or sentence, the harm caused by the multiple offenses was so great that no single prison term would adequately reflect seriousness of the offense, or the offender's criminal history is such that consecutive sentences are required to protect the public. R.C. 2929.14(E) (4), State v. Goodell (October 29, 2004), 6th Dist. No. L-02-1133. The record verifies these required factors were found in this case.
{¶ 14} In addition to these findings, the trial court must also unambiguously state its reasons on the record for imposing a consecutive sentence. R.C. 2929.19(B) (2) (c); State v. Jackson (June 30, 2004), 6th Dist. No. OT-03-040.
{¶ 15} Upon review of the record of proceedings in this case, we find that the trial court did unequivocally state various reasons in support of its sentencing decision. The trial court explicitly stated at the sentencing hearing in relevant part, "all the statements that the courtmakes are in reference to factors that I must consider."
{¶ 16} The trial court then proceeded to enumerate the following facts which it considered significant enough to include specifically in its sentencing remarks on the record: 1) The appellant had a history of criminal conduct against children dating back to 1964; 2) The appellant was charged with sodomy in 1967; 3) In 1972, the same year appellant was released from prison on another charge involving a minor, appellant was charged with assault on a minor; 4) In 1996, appellant was convicted of three felony counts of corruption of a minor; 5) In 1996, appellant submitted to an examination by Dr. Connell and was deemed a sexual predator; 6) In the instant case, appellant engaged in a pattern of behavior regarding his three minor male relatives known as "grooming"; 7) In this grooming, appellant deceptively presented himself as a concerned older relative, while actually seeking molestation opportunities; 8) Appellant admitted to sexually violating his 12 year old male relative in excess of 40 times; 9) Appellant was classified by Dr. Connell in 1996, as a "predatory pedophile," who is not conducive to treatment; 10) Appellant is a menace to minor children; 11) Appellant re-offended after release from incarceration on prior convictions involving minors.
{¶ 17} The trial court clearly stated that it was considering these factors in its decision. This court finds that the record establishes the trial court properly stated its reasons in selecting consecutive sentences. The trial court complied with R.C. 2929.19(B) (2) (c). Thus, the trial court did not err in imposing consecutive sentences on multiple offenses in this case.
{¶ 18} Accordingly, appellant's sole assignment of error is found not-well taken.
{¶ 19} On consideration whereof, this court finds that appellant was not prejudiced and substantial justice was done. The sentence of the Lucas County Court of Common is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County Court of Common Pleas and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.